PLEUS, J.,
concurring and concurring specially, with opinion.
James Lawrence appeals his conviction and mandatory minimum three year sentence for aggravated assault with a firearm.
A code enforcement officer ordered a towing agency to remove a motor vehicle from Lawrence’s property. The car was parked behind a chain link fence, so the tow truck operator, in order to gain access to the vehicle, began to tear down the fence. Lawrence came out of his house to ask what was going on with the fence. He then went back in the house and retrieved a shotgun. From his porch, 50 feet from the tow truck operator, Lawrence pointed the shotgun at him and stated, “If you step foot on my property, I won’t miss you.” The tow truck operator wisely retreated and called the police.
Lawrence makes several arguments regarding his conviction which we find are without merit. I write only to highlight the feelings of the able trial judge who was forced to sentence Lawrence to a minimum sentence of three years. Most reasonable *717 people would agree with Judge Mihok that a three year sentence was “unduly harsh” and “too harsh for the crime.” Lawrence, who has no prior record, now has no recourse but to seek executive clemency.
Courts of law are bound to follow the minimum sentences established by the legislature even when the sentence is inappropriate. Mandatory minimum sentences may make good politics, but they don’t always make fair justice.